

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ROY EDWARD MORGAN,                    §
                                      §
            Petitioner,               §
                                      §
VS.                                   §   NO. 4:06-CV-288-A
                                      §
NATHANIEL QUARTERMAN,                 §
Director, Texas Department            §
of Criminal Justice,                  §
Correctional Institutions             §
Division,                             §
                                      §
            Respondent.               §

O R D E R

Came on for consideration the above-captioned action wherein
Roy Edward Morgan ("Morgan") is petitioner and Nathaniel
Quarterman, Director, Texas Department of Criminal Justice,
Correctional Institutions Division ("Director"), is respondent.
This is a petition for writ of habeas corpus filed pursuant to 28
U.S.C. § 2254.  On February 28, 2007, the United States Magistrate
Judge issued his proposed findings, conclusions, and
recommendation, and ordered that the parties file objections, if
any, thereto by March 21, 2007.  Thompson timely filed written
objections to which Director has not made any further response.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the
Federal Rules of Civil Procedure, the court makes a de novo
determination of those portions of the proposed findings or
recommendations to which specific objection is made.  United States
v. Raddatz, 447 U.S. 667 (1980).  The court need not consider any
nonspecific objections or any frivolous or conclusory objections.
Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir.
1987).

Thompson filed his federal petition for writ of habeas corpus in this court on April 25, 2006, pursuant to 28 U.S.C. § 2254. The magistrate judge found that the petition should be dismissed because Morgan failed to exhaust his state court remedies with respect to the claims presented in his federal court petition as is required by § 2254. Morgan concedes that he did not exhaust his state court remedies, but makes one objection that addresses the magistrate judge's finding. Morgan argues that his federal petition should not be dismissed because he was not given sufficient time in the prison's law library in order to exhaust his state court remedies. If Morgan's access to the law library was in fact denied, he may be entitled to relief for such denial under a separate statute.[1] For purposes of his petition under § 2254 however, his complaint regarding the law library is insufficient to waive the state remedies exhaustion requirement. Absent a showing that state remedies are inadequate, a petitioner cannot proceed in a federal habeas corpus action without exhausting state law remedies. § 2254; Fuller v. Florida, 473 F.2d 1383, 1384 (5th Cir. 1973).

Therefore,

The court accepts the findings, conclusions and recommendation of the magistrate judge and ORDERS that Morgan's petition be, and

---

[1] The court notes that Morgan apparently had sufficient access to the law library to proceed with his federal habeas petition in the instant action and sees no reason why such access would be insufficient for him to seek state law remedies.

is hereby, dismissed without prejudice.

SIGNED May 3, 2007.

_____
JOHN McBRYDE
United States District Judge